UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE SACHS

       Plaintiff,                       Case No. 23-cv-10643

v.                                         HON. MARK A. GOLDSMITH

RICARDO INC. et al.,

       Defendants.
_____/

**<u>ORDER (1) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE (Dkt. 36); (2) GRANTING DEFENDANTS OSCILLA POWER, INC., TIM MUNDON, BALAKRISHNAN NAIR, RAHUL SHENDURE, AND JENNIFER VINING'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 39); (3) DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO SERVE AND VERIFY SERVICE ON ALL DEFENDANTS (Dkt. 72); AND (4) DENYING DEFENDANT HONEYWELL INTERNATIONAL INC.'S SUPPLEMENT TO THEIR MOTION TO SET ASIDE DEFAULT (Dkt. 118)</u>**

The Court has reviewed four pending motions in this matter. The first motion, filed by Plaintiff George Sachs and titled "motion for extension of time to file response" (Dkt. 36), simply "notifies the court that a more detailed reply" to various pending motions will be delivered at later dates. Because the motion does not request any relief from the Court, the motion is denied.

The second motion is a motion to dismiss filed by Defendants Oscilla Power, Inc., Tim Mundon, Balakrishnan Nair, Rahul Shendure, and Jennifer Vining (the Oscilla Defendants) (Dkt. 39). The motion argues that the Court lacks personal jurisdiction over the Oscilla Defendants because they have conducted no business transactions in Michigan, or minimal ones at best. None of the individual defendants is a Michigan resident; the corporate defendant is not incorporated in Michigan. No defendant owns property in Michigan. No actions involved a significant contact with the state. See Mot. to Dismiss at 3–5. Sachs did not respond to the motion. The Court finds,

1

based on the facts and law presented, that the Oscilla Defendants do not have sufficient contacts with Michigan to satisfy the state's long-arm statute or the Due Process Clause of the Fourteenth Amendment. The contacts are, at best, minimal, and nothing amounts to a "purposeful availment" of the privilege of acting within the state. LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989). An assertion of personal jurisdiction would be patently unreasonable. Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360–362 (6th Cir. 2008). The motion to dismiss is granted.

The third motion is Sachs's request for additional time to serve and verify service on all Defendants (Dkt. 72). The motion states that "some defendants may still remain unserved" but "how many is not yet known" and requests an extension of 60–90 days for service. Mot. for Additional Time to Serve at 1. Sachs's action was removed to this Court on March 20, 2023. A plaintiff is required to serve a copy of the complaint and summons on all defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). As Sachs admits in his motion, proper service of both the summons and complaint was not made on all Defendants by June 15, 2023. If the plaintiff shows good cause for the failure to serve, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Here, the Court finds that Sachs's motion does not establish good cause for extending the time for service. Sachs should be able to list who he has served and who he has not yet served; he should not need time to "verify" service. Further, Sachs does not specify why he was unable to serve specific Defendants within the time allowed, stating only that "some" of the Defendants "are quite difficult to locate and/or may now even be residing in other countries." Mot. for Additional Time to Serve at 1. This does not provide enough detail regarding Sachs's efforts to serve Defendants to establish good cause for an extension. Sachs's motion is denied.

3

The fourth motion (Dkt. 118) is a supplement to Defendant Honeywell International, Inc.'s motion to set aside clerk's entry of default (Dkt. 110). This motion supplements an earlier motion filed by Honeywell and does not request any additional relief. As the earlier motion has since been granted by the Court, this motion is denied as moot. See 3/1/24 Op. & Order (Dkt. 141).

SO ORDERED.

Dated: March 18, 2024   s/Mark A. Goldsmith
Detroit, Michigan   MARK A. GOLDSMITH
United States District Judge