UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE SACHS

       Plaintiff,                           Case No. 23-cv-10643

v.                                       HON. MARK A. GOLDSMITH

RICARDO INC. et al.,

       Defendants.
_____/

**ORDER**
**(1) DISMISSING ALL CLAIMS AGAINST ALL REMAINING DEFENDANTS AND (2) CLOSING THE CASE**

In its March 1, 2024 opinion, the Court dismissed all Defendants from this case who had filed a motion to dismiss or motion for summary judgment that raised statute of limitations arguments. See 3/1/24 Op. & Order (Dkt. 141). In that opinion, the Court exhaustively considered the statutes of limitations applicable to Plaintiff George Sachs's claims and determined that all of his claims were time-barred. Id. at 6–14. The Court noted that its analysis was likely applicable to all Defendants, including those who had not filed a dispositive motion raising statute of limitations arguments. Id. at 16. The Court allowed Sachs 14 days to file a brief explaining why the case should not be dismissed as to non-moving Defendants. Id. Sachs filed a timely response brief, but it does not address the statute of limitations issues the Court ruled on in its March 1, 2024 opinion. See Sachs Brief (Dkt. 143). Instead, the brief reiterates arguments Sachs raised earlier in the case that are unrelated to statute of limitations issues. Id.

"A district court may dismiss a complaint with respect to a non-moving defendant sua sponte where the issues are substantially the same as those deemed to warrant dismissal and the plaintiff was given notice of the grounds for dismissal and an opportunity to be heard." JRS

1

Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC, No. 3:19-cv-00469, 2021 WL 2021436, at *4 (M.D. Tenn. May 20, 2021) (punctuation modified); see also Melton v. Blankenship, No. 08-5346, 2009 WL 87472, at *4 (6th Cir. Jan. 13, 2009) (affirming district court's dismissal of RICO claims as to non-moving parties who were in the "same factual and procedural posture as the moving parties," because the non-moving parties' failure to file a motion to dismiss would not change the fact that the complaint could not survive a motion to dismiss).

The Court's statute of limitations analysis applies to all Defendants, and Sachs offered no meaningful argument to the contrary. It would be a needless waste of judicial and litigant resources to require non-moving Defendants to file motions raising statute of limitations arguments that are identical to those addressed by the Court's March 1, 2024 opinion. Therefore, the Court dismisses all claims as to all remaining Defendants. The case is now closed.

SO ORDERED.

Dated: April 10, 2024           s/Mark A. Goldsmith
     Detroit, Michigan           MARK A. GOLDSMITH
                                         United States District Judge